UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 07-0533 |
| v. | ) | |
| | ) | JUDGE HICKS |
| HOOGLAND'S NURSERY, L.L.C., | ) | |
| FREDERIC HOOGLAND, individually, | ) | MAGISTRATE JUDGE HORNSBY |
| and MICHAEL HOOGLAND, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

Table of Authorities……………………………………………………………...ii

I.      Procedural History……………………………………………………......1

II.     Statement of Undisputed Facts……………………………………………...2

III.    Argument…………………………………………………………………8

        A.  Summary Judgment Standard………………………………………...8

        B.  Hoogland's Nursery, LLC, Fredric Hoogland and Michael Hoogland

        are employers under the FLSA…………………………………………...9

        C.  Defendants violated the FLSA by failing to pay overtime to their laborers,

        foremen, bookkeeper and nursery facilities worker……………….………12

        D.  Defendants' policy of lunch break deductions was improper…………..……...14

        E.  Defendants' failure to keep records of hours worked by non-field

        employees, failure to maintain records of employee addresses and alteration

        of employee timesheets violated Section 11(c) of the FLSA……………………...16

        F.  Plaintiff is entitled to liquidated damages because Defendants' violations

        of the FLSA do not qualify for a good faith defense……………………………...18

        G.  Defendants must be enjoined from future violations…………………………19

IV.     Conclusion…………………………………………………………………20

## TABLE OF AUTHORITIES

**STATUTES**

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 29 U.S.C. Section 201, et seq.

**REGULATIONS AND AGENCY INTERPRETATIONS**

29 C.F.R. § 516.2(a)

29 C.F.R. § 778.112

29 C.F.R. §785.16

29 C.F.R. § 785.18

29 C.F.R. § 785.19

Wage and Hour Opinion Letter (Dec. 2, 1996)

Wage and Hour Opinion Letter (Feb. 19, 1998)

**CASES**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)

Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir. 1988)

Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir. 1984)

Castle v. Walling, 153 F.2d 923 (5th Cir. 1946)

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

Donovan v. Agnew, 712 F.2d 1509 (1st Cir. 1983)

Donovan v. Grim Hotel Co., 747 F.2d 966 (5th Cir.) cert. denied, 471 U.S. 1124

    (1985)

Donovan v. Kentwood Development Co., Inc., 549 F.Supp. 48 (D.Md. 1982)

Donovan v. Sabine Irrigation Co., 695 F.2d 190 (5th Cir. 1983), cert. denied, 463 U.S.

1207 (1983)

Donovan v. White Beauty View, Inc., 556 F.Supp. 414 (M.D. Pa. 1982)

Dole v. Elliott Travel & Tours, 942 F.2d 962 (6th Cir. 1991)

DuFrene v. Browning-Ferris, Inc., 994 F.Supp. 748 (E.D. La. 1998)

Falk v. Brennan, 414 U.S. 190 (1973)

Fegley v. Higgins, 19 F.3d 1126 (6th Cir.), cert. denied, 513 U.S. 875 (1994)

Herman v. RSR Security Services Ltd., 172 F.3d 132 (1st Cir. 1998)

Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167 (5th Cir. 1990)

Local 246 Utility Workers Union of America v. Southern California Edison Co., 83 F.3d

292 (9th Cir. 1996)

Lyle v. Food Lion, Inc., 954 F.2d 984 (4th Cir. 1992)

Marshall v. Brunner, 668 F.2d 748 (3d Cir. 1982)

Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574 (1986)

McComb v. Wyandotte Furniture Co., 169 F.2d 766, 770 (8th Cir. 1948)

McLaughlin v. McGee Bros. Co., 681 F.Supp. 1117 (W.D.N.C. 1988), aff'd sub nom.,

Brock v. Wendell's Woodwork, Inc., 867 F.2d 196 (4th Cir. 1989)

Mitchell v. Greinetz, 235 F.2d 621 (10th Cir. 1956)

Nero v. Industrial Molding Corp., 167 F.3d 921 (5th Cir. 1999)

Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455 (5th Cir. 1998)

Rutherford Food Corp. v. McComb, 331 U.S. 772 (1947)

Shultz v. Hinojosa, 432 F.2d 259, 260 (5th Cir. 1970)

Shultz v. Mack Farland & Sons Roofing Co., 413 F.2d 1296 (5th Cir. 1969)

Walling v. Helmerich & Payne, 323 U.S. 37 (1944)

Wirtz v. Flame Coal Co., 321 F.2d 558, 560 (6th Cir. 1963)

## INTRODUCTION

Plaintiff's Motion for Summary Judgment prays that the Court issue an order against Defendants Hoogland's Nursery, LLC, Fredric Hoogland and Michael Hoogland for violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act ("FLSA" or "Act"), permanently enjoining them from violation of the Act, and awarding backwages of $38,791.35 and an equal amount in liquidated damages for a total of $77,582.70.

## I.   PROCEDURAL HISTORY

On March 15, 2007, Plaintiff filed her Complaint alleging that Defendants Hoogland's Nursery, LLC, Fredric Hoogland and Michael Hoogland violated the overtime and recordkeeping provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5).   This action was brought to enjoin Defendants from violation of the provisions of the FLSA and to restrain Defendants from withholding payment of overtime backwages found to be due employees under the Act, and an equal amount as liquidated damages.

On June 12, 2007, Defendants filed their Answer to the Complaint.  In their Answer, Defendants deny the violations and affirmatively plead: "Neither Frederic nor Michael Hoogland are 'employers' under the F.L.S.A. and neither has any individual liability for any of the claims described in the Complaint." Defendants also plead: "Some of the employees on Exhibit 'A' to the Complaint were exempt from overtime or did not work any overtime hours during the time period relevant to the Complaint."

## II.  STATEMENT OF UNDISPUTED FACTS

1.      The United States Department of Labor, Employment Standards Administration, Wage and Hour Division ("Department") conducted an investigation of Defendants beginning on or about February 2004 through March 2006 (the "investigative period").  See Declaration of Melissa Reynolds, Wage and Hour Investigator, United States Department of Labor, attached hereto as Exhibit 1.

2.      The employees listed on Exhibit A to the Complaint in this case were employees of Defendants.  See Exhibit 1; Complaint, attached hereto as Exhibit 2; and Defendant Hoogland Nursery's Response to Plaintiff's First Request for Admissions, Request No. 3, attached hereto as Exhibit 3.

3.      Defendant Hoogland's Nursery, LLC is a Louisiana corporation with a main office located at 2713 Viking Drive, Shreveport, Louisiana.  See Exhibits 1, 2 and Secretary of State Records, attached hereto as Exhibit 4.

4.      During the relevant time period, from March 2004 to the present, Hoogland's Nursery, LLC has been an enterprise providing landscaping services with employees engaged in commerce or handling materials that have moved in interstate commerce and has had an annual gross volume of sales made or business done of not less than $500,000.  See Exhibits 1; 2; Hoogland's Nursery LLC's Response to Plaintiff's First Interrogatories and Requests for Production, Response to Interrogatory No. 13 and Response to Request for Production No. 27, attached hereto as Exhibit 5; and Transcript of Deposition of Fredric Hoogland, p. 13, ln. 19 and p. 14, ln. 5, attached hereto as Exhibit 6.

5.      Defendant Michael Hoogland is the President of Hoogland's Nursery, LLC. See Exhibit 1 and Transcript of Deposition of Michael Hoogland, p. 12, ln. 14, attached hereto as Exhibit 7.

6.      Michael Hoogland oversees and directs employment matters for Hoogland's Nursery, LLC.  See Exhibit 7 at p. 23, lns. 1-17. He directs the day-to-day operations of Hoogland's Nursery and has overall responsibility for personnel decisions.  See Exhibit 7 at p. 23, lns. 1-6.  Michael Hoogland has operational control over Hoogland's Nursery. See Exhibit 7 at p. 23, lns. 7-9. He has substantial control over the terms and conditions of employment for employees at Hoogland's Nursery.  See Exhibit 7 at p. 23, lns. 10-13. Michael Hoogland has ultimate supervisory authority at Hoogland's Nursery.  See Exhibit 7 at p. 23, lns. 14-17.  Michael Hoogland has final authority with respect to hiring of employees, employee performance evaluation, promotion of employees, termination of employees, employee rates of pay, employee bonuses or other compensation, employee work schedules or hours of work of employees, employee break or meal periods, employee requests for sick or vacation leave, work assignments, employee training, employee discipline, work rules or policies and payroll.  See Michael Hoogland's Response to Plaintiff's First Interrogatories and Requests for Production to Defendant Michael Hoogland, Response to Interrogatory No. 4, attached hereto as Exhibit 8.

7.      Fredric Hoogland owns 98% of Hoogland's Nursery, LLC.  See Exhibit 6, p. 14, ln. 21.  Fredric Hoogland admits that he is a manager of Hoogland's Nursery, LLC. See Exhibit 6, p. 13, ln. 16.  Secretary of State Records also identify Fredric Hoogland as a manager.  See Exhibit 4.  Fredric Hoogland has authority to hire employees for Hoogland's and make changes to employee pay.  See Exhibit 6, p. 25, ln. 23 and p. 26, ln. 10-11.  He

works at the plant farm at his home and directly supervises one employee of Hoogland's Nursery, LLC.  See Exhibit 6, p. 41-42, lns. 24-1.  Fredric Hoogland is Michael Hoogland's father.  See Exhibit 7, p. 8, lns. 18-23.

8.    Defendants employ workers including laborers, foremen, crew superintendents, and office and nursery facilities staff.  See Exhibit 1.

9.    Defendants' laborers and foremen are paid the same hourly rate for all hours worked during the workweek, including hours worked over forty in a workweek.  See Exhibit 1 and Hoogland's Nursery's Response to Plaintiff's Second Interrogatories and Requests for Production, Response to Interrogatory No. 15, attached hereto as Exhibit 9.  Until February 2006, laborers and foremen were paid for the exact number of hours worked.  See Exhibit 1.  Defendants did not pay laborers and foremen a day rate, which is a flat amount for each day worked regardless of the number of hours worked.  See Exhibit 1.  Defendants hire and pay laborers and foremen based on an hourly rate system, known as "P" rates.  See Transcript of Deposition of Tony Castro, p. 27-28, lns. 22-19, attached hereto as Exhibit 10.  New laborers with no experience are paid at P one, which is currently $7.31 per hour, while more experienced laborers are paid $11 per hour.  Id.

10.    Defendants' laborers and foremen are not exempt from the overtime requirements of the FLSA.  See Hoogland's Nursery's Response to Plaintiff's First Interrogatories and Requests for Production to Defendant Hoogland's Nursery, LLC, Response to Interrogatory no. 5, attached hereto as Exhibit 5.  The foremen supervise a crew of two or three helpers but are not paid on a salary or fee basis, but rather on an hourly basis.  See Exhibit 1; Exhibit 7, p. 61-62, lns. 25-2; Exhibit 10, p. 25, ln. 11-20; and Transcript of Deposition of Debby Morris, p. 37, ln. 25, attached hereto as Exhibit 11.

Employee wages are also docked for sickness, tardiness and discipline.  <u>See</u> Exhibit 7, p. 63, ln. 25.  The foremen work alongside their crew performing the same work and do not dedicate a majority of their time to management-related activities.  <u>See</u> Exhibit 7, p. 60, ln. 15 and Ex. 10, p. 25, ln. 11-20.

11.     From July 2005 through February 2006, Defendants' laborers and foremen were docked a full hour for a lunch break but were only allowed to take thirty minutes for lunch.  Defendants' company policy stated that the additional thirty minutes was docked based on estimated bathroom breaks, drinks of water, and talking with co-workers.  <u>See</u> Exhibit 1 and attachments thereto.

12.     Until February 2006, Defendants' bookkeeper was not paid for hours worked over forty in a workweek.  <u>See</u> Exhibit 1 and Exhibit 10, p. 28, ln. 22.  During that same time, she was paid on a salary basis, with no additional wages for hours worked over forty in a workweek.  <u>See</u> Exhibit 1 and attachments thereto.

13.     Defendants do not claim that their bookkeeper is exempt from the overtime requirements of the FLSA.  <u>See</u> Exhibit 5, Response to Interrogatory No. 5 and Exhibit 7, p. 104, ln. 11 (stipulation of Counsel for the Defendants that bookkeeper was not exempt). She does not supervise anyone, is not in sole charge of an establishment or recognized department, and does not perform work requiring the exercise of discretion and independent judgment.  <u>See</u> Exhibit 1 and attachments thereto.

14.     Until February 2006, Defendants' nursery facilities worker was not paid for hours worked over forty in a workweek.  During that same time, the nursery facilities worker was paid on a salary basis, with no additional wages for hours worked over forty in a workweek.  <u>See</u> Exhibit 1 and attachments thereto.

15.     Defendants do not claim that their facilities worker is exempt from the overtime requirements of the FLSA.  See Exhibit 5, Response to Interrogatory No. 5 (list of claimed exempt employees does not include the nursery facilities worker James Dushane).  He supervises one full-time employee and one part-time seasonal employee, is not in sole charge of an establishment or recognized department, and does not perform work requiring the exercise of discretion and independent judgment.  See Exhibit 1 and attachments thereto, Exhibit 7, p. 57, lns. 1-13 and p. 82, ln. 9.

16.     Defendants' payroll records show that Defendants paid laborers and foremen the same hourly rate for all hours worked and that wages were docked for less than full days.  Defendants have admitted that these payroll records are true and correct copies of Hoogland's payroll records as maintained by Hoogland's in the course of its regularly conducted business activity.  See Exhibit 1 and Exhibit 3, Response to Request No. 21.

17.     Defendants' time records show that Defendants improperly deducted a full hour for lunch breaks for laborers and foremen even though Defendants company policy only allowed laborers and foremen to take a thirty-minute lunch break.  The time records show these manual alterations.  Defendants have admitted that these payroll records are true and correct copies of Hoogland's payroll records as maintained by Hoogland's in the course of its regularly conducted business activity.  See Exhibit 1 and attachments thereto and Exhibit 3, Response to Request No. 15.

18.     From March 15, 2005 to March 14, 2007, 51 employees are due $38,791.35 in backwages.   See Exhibit 1 and attachments thereto.

19.     As reflected in the payroll records, Defendants engaged in a pattern and practice of not paying their employees for all hours worked and not paying employees the overtime rate for hours worked in excess of forty during a work week.  See Exhibit 1.

20.     Defendants did not maintain records of the hours worked by its bookkeeper and facility worker before the Department of Labor's investigator advised them to keep these records during the investigation.  See Exhibit 1; Exhibit 9, Response to Interrogatory No. 15; and Exhibit 11, p. 70, ln. 20.

21.     Defendants did not maintain records of addresses for five employees.  In addition, for two employees, Defendants only had address information listing city and state, but no street address information.  See Exhibit 1.

22.     Defendants do not have any evidence or records to rebut the backwages determined by the Department to be due to their employees.  See Exhibit 1.

23.     Defendants specifically admitted that they and the other managers of Hoogland's Nursery, LLC had knowledge of the application of the Fair Labor Standards Act to their employment practices prior to the beginning of the Department of Labor's investigation.  See Exhibit 3, Responses to Request Nos. 8 and 9 and Michael Hoogland's Response to Plaintiff's First Request for Admissions, Responses to Request Nos. 8 and 9, attached hereto as Exhibit 12.

24.     Defendants cannot demonstrate an honest intention to ascertain and follow the dictates under the FLSA.

### III.  ARGUMENT

**A.  Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), the Court should grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(c); <u>Ragas v. Tennessee Gas Pipeline Co.</u>, 136 F.3d 455, 458 (5th Cir. 1998).  The court must be satisfied that no reasonable trier of fact could find for the nonmoving party, or in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 178 (5th Cir. 1990).   A plain reading of Rule 56(c) dictates that the "mere existence of some alleged factual disputes between the parties shall not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the nonmoving party's case.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  For purposes of ruling on a motion for summary judgment, the court must construe the complaint in the light most favorable to the nonmoving party.  <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986).

Plaintiff is entitled to summary judgment because there exists no genuine issues of material fact pertinent to Plaintiff's cause of action under the FLSA.  Under Section 7 of the FLSA, employers are required to pay covered employees one and one half times their

regular rate of pay for each hour worked in excess of forty during any given workweek.  29

U.S.C. § 207(a)(1).  As the statement of undisputed facts demonstrates, there is no dispute

that until February 2006, Defendants compensated laborers and foremen by paying them

the same hourly rate for all hours worked and that Defendants excluded thirty minutes

from the field crew's compensable time for bathroom breaks, water drinks and talking with

co-workers.

Defendants engaged in a pattern and practice of reducing their employees' recorded

hours worked so as to reduce the payment of compensation.  Defendants Michael and

Fredric Hoogland's control of Hoogland's Nursery, LLC make them jointly liable for the

FLSA violations.  Finally, Defendants' failure to show an honest intention to ascertain and

follow the dictates under the FLSA warrants the imposition of liquidated damages under

29 U.S.C. § 216(c).

**B.     Hoogland's Nursery, LLC, Fredric Hoogland and Michael Hoogland are**
**employers under the FLSA.**

Fredric and Michael Hoogland deny that they are responsible for the violations

alleged in the Complaint. Their position is not supported by any facts or caselaw.  Liability

under the FLSA is imposed only upon an "employer."  29 U.S.C. §§206-207.  The FLSA

contains a broad definition of who is considered an employer.  The Act defines an

"employer" as "any person acting directly or indirectly in the interest of an employer in

relation to an employee."  29 U.S.C. § 203(d).  The courts have recognized the

"expansiveness" of the Act's definition of employer.  See Falk v. Brennan, 414 U.S. 190,

195 (1973).  Moreover, the FLSA's definition must be liberally construed to effectuate

Congress' remedial intent.  See Donovan v. Sabine Irrigation Co., 695 F.2d 190,194 (5th

Cir. 1983), cert. denied, 463 U.S. 1207 (1983) and Rutherford Food Corp. v. McComb, 331 U.S. 772, 729 (1947).

To determine whether a party qualifies as an employer, the Fifth Circuit looks to the "economic realities" of employment.  See Donovan v. Grim Hotel Company, 747 F.2d 966, 972 (5th Cir. 1984).  The economic realities test examines whether the employer: "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984).  No one of the factors is dispositive.  See Brock v. Superior Care, Inc. 840 F.2d 1054, 1059 (2d Cir. 1988).  In analyzing the economic realities, of critical importance in the Fifth Circuit is whether an individual "independently exercised control over the work situation."  Donovan v. Sabine Irrigation Co., 695 F.2d 190, 194-5 (5th Cir. 1983).

It is well settled that "managerial responsibilities" and "substantial control of the terms and conditions of the work" create statutory employer status.  Falk v. Brennan, 414 U.S. 190, 195 (1973).  Courts have consistently held that a corporate officer with operational control of a corporation's covered enterprise is an employer under the Act and is jointly and severally liable for unpaid wages, along with the corporation.  See Fegley v. Higgins, 19 F.3d 1126, 1131 (6th Cir.), cert. denied, 513 U.S. 875 (1994); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983); Donovan v. Grim Hotel Company, 747 F.2d at 972; Shultz v. Mack Farland & Sons Roofing Co., 413 F.2d 1296,1300 (5th Cir. 1969); Donovan v. Janitorial Services, Inc., 672 F.2d 530, 531 (5th Cir. 1982); Reich v. Circle C Inv. Inc., 998 F.2d 324, 329 (5th Cir. 1993).  See also Herman v. RSR Security Services

Ltd., 172 F.3d 132, 139 (1st Cir. 1998) (Chairman of the Board was an employer even though his hiring authority was limited and no information suggested he maintained employment records) and Dole v. Elliott Travel & Tours, 942 F.2d 962, 965-66 (6th Cir. 1991) (fact that a payroll keeper computed wages and a manager handled many of the day-to-day problems associated with operations of the corporation does not preclude finding that corporate officer is an employer under the Act).   Further, any such corporate officer is liable in his or her individual, not representative capacity.   Donovan v. Grim Hotel Company, 747 F.2d at 971.

In this instance, Michael and Fredric Hoogland are each properly considered an "employer" under the Act.  The evidence is uncontroverted that Michael Hoogland is the President of Hoogland's Nursery, LLC and that Frederic Hoogland is a manager and 98% owner of Hoogland's Nursery.  Hoogland's Nursery is Fredric Hoogland's company and functions for his profit.  The evidence shows that Michael and Fredric Hoogland have the authority to exercise substantial control over the business operations of Hoogland's Nursery, LLC.  Most importantly, they are able to guide Hoogland's Nursery LLC's policies and could authorize compliance with the FLSA.

Michael and Fredric Hoogland meet all the criteria of the economic realities test of employer status.  Michael Hoogland directs the day-to-day operations of Hoogland's Nursery.  He has substantial control over the terms and conditions of employment for employees at Hoogland's Nursery.  Michael Hoogland has final authority with respect to hiring of employees, employee performance evaluation, promotion of employees, termination of employees, employee rates of pay, employee bonuses or other compensation, employee work schedules or hours of work of employees, employee break

or meal periods, employee requests for sick or vacation leave, work assignments, employee training, employee discipline, work rules or policies and payroll.

Fredric Hoogland owns 98% of Hoogland's Nursery, LLC.  He admits that he is a manager of Hoogland's Nursery, LLC and holds himself out as a manager in business filings.  Frederic Hoogland discusses the company's sales and performance with Michael Hoogland, has authority to hire employees for Hoogland's, and has authority to make changes to employee pay.  He works at the plant farm at his home and directly supervises one employee of Hoogland's Nursery, LLC.

Based on Michael and Frederic's role in Hoogland's Nursery, they each qualify as an "employer" within the meaning of the Act and, therefore, they are liable for the violations alleged in the Complaint.  As discussed above, there is no evidence to support Michael and Fredric Hoogland's claim that they do not qualify as employers within the meaning of the FLSA.

**C.  Defendants violated the FLSA by failing to pay overtime to their laborers, foremen, bookkeeper and nursery facilities worker.**

Under Section 7 of the FLSA, employers are required to pay covered employees one and one half times their "regular" rate of pay for each hour worked in excess of forty during any given workweek.  29 U.S.C. § 207(a)(1).  Federal regulations provide the methods to calculate overtime compensation for workers.

If an employer pays an employee a flat rate for a day's work regardless of the number of hours worked that day, then the employer is using a day-rate system. However, an employer is still responsible for paying overtime if the employee's workweek exceeds 40 hours. Thus, the employer will still need to calculate the regular rate. The regulation

covering day-rate employees provides:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

29 C.F.R. § 778.112.  See Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944); Castle v. Walling, 153 F.2d 923, 925 (5th Cir. 1946).  See also DuFrene v. Browning-Ferris, Inc., 994 F.Supp. 748, 754 (E.D. La. 1998) (employees are paid the same day rates regardless of the number of hours worked in the day).

Defendants paid their laborers and foremen the same rate of pay for all hours worked, including hours worked over forty.  Defendants do not dispute that their laborers and foremen are not exempt from the overtime requirements of the FLSA.  Laborers and foremen were paid for the exact amount of time worked, with deductions for less than full days.  Defendants claim that they paid employees on a day rate basis, however, the payroll records do not support this claim.  Payroll records show that an employee who worked only a partial day, was paid only for the precise number of hours worked, not a "day rate" for a full day of work.  To follow a day rate compensation system, there cannot be the deductions for less than full days that Defendants made from employee wages.  Deposition testimony shows that laborers and foremen were hired into and promoted using a pay grade system, which was tied to an hourly rate.  Everyone at Hoogland's knew that laborers and foremen were paid on an hourly basis.

Defendants payroll records show and Hoogland's general manager admits that Defendants paid their bookkeeper and nursery facilities worker on a salary basis with no

additional compensation for hours worked over forty in a workweek. Defendants do not dispute that their bookkeeper and nursery facilities worker are not exempt from the overtime requirements of the FLSA.

For salaried workers, their regular rate of pay is determined by dividing their salary by the regular hours.  For hours worked over forty in a workweek, the employee is due ½ time for each hour worked over forty in a workweek.  For hours worked over forty in a workweek by laborers, foremen, the bookkeeper and nursery facilities worker, they are due overtime backwages at ½ of the employee's regular rate of pay because the worker had already received pay covering their regular rate of pay for that time, either through payment of straight time for the hours by laborers and foremen or through payment of salary for the bookkeeper and nursery facilities worker.  From March 15, 2005 to March 14, 2007, 51 employees are due $38,791.35 in backwages.

**D.    Defendants' policy of lunch break deductions was improper under the FLSA.**

The FLSA does not require an employer to provide employees with rest periods or breaks.  Wage and Hour Opinion Letter (Dec. 2, 1996).  However, if rest or break periods are provided, it is presumptively for the employer's benefit, and only if the employer can show that the employees have been given enough time to use the time effectively for their own purposes will the employer not be held liable for compensation.  Breaks for less than twenty minutes are compensable as hours worked.  The Department of Labor's regulation on rest periods provides:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 C.F.R. § 785.18.

Breaks of thirty minutes or more for meals are generally considered bona fide meal periods and noncompensable, but coffee and snack breaks are considered compensable work periods.  29 C.F.R. § 785.19.  The Department of Labor's regulation on meal periods provides:

> Bona fide meal periods are not worktime.  Bona fide meal periods do not include coffee breaks or time for snacks.  These are rest breaks.  The employee must be completely relieved from duty for the purpose of eating regular meals.  Ordinarily 30 minutes or more is long enough for a bona fide meal period.  A shorter period may be long enough under special conditions.  The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.  For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

20 C.F.R. § 785.19.

Courts consider the duration of the break more important than the liberty accorded to the employees. See, e.g., Mitchell v. Greinetz, 235 F.2d 621, 625 (10th Cir. 1956)(two 15-minute breaks for weavers to aid production and increase quality for benefit of employer and the time was compensable); Wage and Hour Opinion Letter No. 1897 (Feb. 19, 1998) (rest period of 20 minutes or less must be compensated).

Periods during which an employee is completely relieved from duty for a period long enough to use the time effectively for his own purposes are not considered hours worked for the purposes of the Act.  29 C.F.R. § 785.16. However, an employee cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a specified hour.

In this case, Defendants had an official company policy from July 2005 through February 2006 for the deduction of a full hour for a lunch break each day for laborers and foremen, however, laborers and foremen were only allowed to take a thirty-minute lunch break.  They could not take a second break of thirty minutes or two fifteen-minute breaks. Rather, in accordance with Defendants' company policy, Defendants deducted an extra thirty minutes beyond the bona fide meal break for time the Defendants estimate employees spend intermittently throughout the day using the restroom, taking a drink and talking with co-workers.  Laborers and foremen could not leave the jobsite during these intermittent "breaks."  These intermittent breaks are short rest breaks that are compensable as hours worked by employees.  Throughout the workday, laborers and foremen need to drink and use the restroom.  Occasional conversations with co-workers are also part of the normal workday.  Because Defendants' laborers and foremen could not use these "breaks" effectively for their own purposes, these intermittent periods are compensable under 29 C.F.R. § 785.16(a).  Defendants' laborers and foremen are due backwages for the extra thirty minutes that Defendants improperly deducted.  Backwages for the improper lunch deductions are included in the Department's backwage calculations.

**E.**     **Defendants' failure to keep records of hours worked by non-field employees, failure to maintain records of employee addresses and alteration of employee timesheets violated Section 11(c) of the FLSA.**

The FLSA requires that an employer subject to its provision "make, keep, and preserve" records of wages, hours, and "other conditions and practices of employment maintained by him."  29 U.S.C. § 211(c).  <u>McLaughlin v. McGee Bros. Co.</u>, 681 F.Supp. 1117, 1134 (W.D.N.C. 1988), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Brock v. Wendell's Woodwork, Inc.</u>, 867

F.2d 196 (4th Cir. 1989); <u>Donovan v. Kentwood Development Co., Inc.</u>, 549 F.Supp. 48,

490 (D.Md. 1982).  The burden is on the employer to keep accurate wage and time records.

<u>Dole v. Solid Waste Services, Inc.</u>, 733 F.Supp. 895, 924 (E.D. Pa. 1989), <u>aff'd</u>, 897 F.2d

321 (3d Cir.), <u>cert</u>. <u>denied</u>, 497 U.S. 1024 (1990).  Under the Secretary's regulations, the

information that must be maintained includes hours worked per day and week, total daily

or weekly straight-time earned and total overtime.  29 C.F.R. §§ 516.2(a)(7)-(9).  <u>See</u>

<u>Kentwood Development</u>, 549 F.Supp. at 490.  The regulations also require that the

employer maintain records containing each employee's home address, including zip code.

29 C.F.R. § 516.2(a)(2).

Defendants did not maintain time records of hours worked by non-field employees,

including the bookkeeper, receptionist and nursery facilities worker.  Defendants do not

dispute that the bookkeeper and nursery facilities worker were non-exempt employees.

Defendants did not make any efforts to record the hours worked by them or maintain any

records of their hours worked.  Defendants had a general company policy of work start and

end times, but Defendants did not keep any records relating to their hours.

Defendants did not maintain records of addresses of all employees, as required by

the Act and regulations at 29 C.F.R. § 516.2(a)(2).  During the relevant time period,

Defendants did not maintain any address information for five employees.  In addition,

Defendants only had city and state address information, but not street information for two

other employees during the relevant time period.

Defendants altered time records to reduce the hours worked by laborers and

foremen.  Defendants' alteration of time records deducting an hour from each workday

hours for laborers for a lunch break even though only thirty minutes was taken by the

laborers, which regularly occurred during the relevant time period, constitutes a failure to maintain records in violation of 29 U.S.C. § 211(c).  See, e.g., Donovan v. White Beauty View, Inc., 556 F.Supp. 414, 416 (M.D. Pa. 1982) (manipulation of time records to reduce actual hours worked violated FLSA).  Consequently, summary judgment should be entered in favor of Plaintiff with respect to Defendants' liability for violation of 29 U.S.C. §211(c).

**F.  Plaintiff is entitled to liquidated damages because Defendants' violations of the FLSA do not qualify for a good faith defense.**

Where an employer has violated the overtime wage provisions of the FLSA, Section 216(c) states that the employer is liable for an equivalent amount of mandatory liquidated damages.  29 U.S.C. § 216(c).  An employer may avoid liquidated damages by showing it acted in good faith and with reasonable grounds for believing it was in compliance with the FLSA. Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992); Marshall v. Brunner, 668 F.2d 748 (3d Cir. 1982).  The employer has the burden of establishing good faith in its violations of the FLSA.  Local 246 Utility Workers Union of America v. Southern California Edison Co., 83 F.3d 292, 297-98 (9th Cir. 1996).  See also Nero v. Industrial Molding Corp., 167 F.3d 921, 929 (5th Cir. 1999) (good faith does not mean absence of reckless disregard).  Because no good faith reasons exist for Defendants' noncompliance with provisions of the FLSA, liquidated damages are appropriate.

Defendants failed to ascertain whether their pay practices were in conformity with the Act.  Defendants did not take any steps to follow its alleged day rate pay policy for laborers and foremen.  Defendants admit employees were not exempt but they did not pay proper overtime.  Further, Defendants' lack of good faith in paying its workers in accordance with the FLSA is apparent in their discovery responses stating that they believe

that some of their employees may be "illegal aliens" not entitled to backwages for the hours they worked.  Defendants can point to no administrative interpretation that would support their alleged day rate plan as implemented at the workplace or their policy of deducting full hour lunch breaks from recorded hours when employees only are allowed to take a thirty-minute break.  Defendants failed to agree to comply even after Investigator Reynolds specifically advised them of the requirements of the Act.  Accordingly, Defendants cannot establish a good faith defense to liability or liquidated damages.

**G.  Defendants must be enjoined from future violations.**

The FLSA authorizes prospective injunctive relief after violations of the Act have been established.  29 U.S.C. § 217.  See Shultz v. Hinojosa, 432 F.2d 259, 260 (5th Cir. 1970).  The question of whether an injunction should be granted is left to the sound discretion of the Court.  "Where there has been a clear violation of the statutes and regulations, … there should be assurances that the offending party will in the future voluntarily comply with the Act."  Wirtz v. Flame Coal Co., 321 F.2d 558, 560 (6th Cir. 1963).  Even when an employer has discontinued violations, an injunction will be granted unless the existence of good faith and cooperativeness are manifested.  McComb v. Wyandotte Furniture Co., 169 F.2d 766, 770 (8th Cir. 1948).

The same managers and owners of Hooglands' who were in control while the overtime and recordkeeping violations occurred and were discovered remain in control of Hoogland's.  There is no evidence in the records of Defendants' present good faith and cooperativeness in compliance with the Act.  Thus, Plaintiff is entitled to an injunction permanently enjoining Defendants from further violations of the Act.

## V.    CONCLUSION

For these reasons, the Court should grant Plaintiff's Motion for Summary Judgment and enter a judgment against Defendants for violations of 29 U.S.C. §§ 207 and 211(c), permanently enjoining them from violation of the Act, awarding backwages of $38,791.35 and an equal amount in liquidated damages for a total of $77,582.70 against Defendants under 29 U.S.C. §216.

Respectfully Submitted,

GREGORY F. JACOB
Solicitor of Labor

JANICE L. HOLMES
Acting Regional Solicitor

Address:

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202
Telephone:  972/850-3100
Facsimile:  972/850-3101

BY:


__/C. Elizabeth Fahy_____
C. ELIZABETH FAHY
Illinois Bar No. 6273260
Texas Bar No. 24056866
Attorney in Charge

Attorneys for Plaintiff

RSOL Case No. 06-01103

20

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 7th day of April, 2008, I conferred with Bryce Denny, Counsel for Defendants concerning the foregoing motion.  Mr. Denny indicated that his clients were opposed to this motion.

_____/C. Elizabeth Fahy_____
C. Elizabeth Fahy
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April 2008, a true and correct copy of the foregoing *Plaintiff's Motion for Summary Judgment* and *Memorandum in Support of Plaintiff's Motion for Summary Judgment* was served upon the attorney of record, all parties or party representatives in the above entitled and numbered cause, by email and depositing same in the United States Mail, addressed to:

Bryce Denny, Esq.
Denny, Gerhardt & Benson
209 Polk Street
Mansfield, LA 71052

_____/C. Elizabeth Fahy_____
C. Elizabeth Fahy
Attorney