UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, ) | |
| United States Department of Labor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 07-0533 |
| v. ) | |
| ) | JUDGE HICKS |
| HOOGLAND'S NURSERY, L.L.C., ) | |
| FREDERIC HOOGLAND, individually, ) | MAGISTRATE JUDGE HORNSBY |
| and MICHAEL HOOGLAND, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff's Motion for Summary Judgment prays that the Court issue an order against Defendants Hoogland's Nursery, LLC, Fredric Hoogland and Michael Hoogland for violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act ("FLSA" or "Act"), permanently enjoining them from violation of the Act, and awarding backwages of $38,791.35 and an equal amount in liquidated damages for a total of $77,582.70. Defendants filed a Memorandum in Opposition to Plaintiff's Motion for

1

Summary Judgment.  Defendants oppose summary judgment based on their arguments that: 1) Frederic Hoogland is not an employer under the FLSA, 2) Defendants' day rate plan complied with the FLSA, 3) Defendants have no monetary liability for their break time violations, 4) Defendant's former bookkeeper and nursery worker did not work overtime, 5) recordkeeping violations are de minimus and 6) Defendants are not liable for liquidated damages.  Defendants' arguments are misplaced and do not properly apply the requirements of the FLSA and its regulations.

## II.  ARGUMENT

**A.    Fredric Hoogland is an employer under the FLSA.**

Defendants deny Frederic Hoogland's status as an employer under the FLSA.  Defendants' argument does not recognize the expansiveness of the meaning of an "employer" under the Act, which is described in Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment.   Defendants do not dispute the facts that show that Fredric Hoogland is considered an "employer" under the Act.  Frederic Hoogland is a manager and 98% owner of Hoogland's Nursery.  Hoogland's Nursery is Fredric Hoogland's company and functions for his profit.  Fredric Hoogland has the authority to exercise substantial control over the business operations of Hoogland's Nursery, LLC.  Frederic Hoogland discusses the company's sales and performance with Michael Hoogland, has authority to hire employees for Hoogland's, and has authority to make changes to employee pay.  He works at the plant farm at his home and directly supervises one employee of Hoogland's Nursery, LLC.   Most importantly, he is able to guide company policies and could authorize compliance with the FLSA.  As set forth in Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment, based

2

on Frederic's role in Hoogland's Nursery, he qualifies as an "employer" within the meaning of the Act.

**B. Defendants did not follow a day rate plan in payment of wages to laborers and foremen.**

The primary issue in this case is whether Defendants' foremen and laborers were paid a day rate during the period Plaintiff alleges they are due backwages. As described in Plaintiff's Memorandum of Law In Support of Plaintiff's Motion For Summary Judgment, if an employer pays an employee a flat rate for a day's work regardless of the number of hours worked that day, then the employer is using a day rate system. During the relevant time period, Defendants' laborers and foremen were not paid the same amount, a day rate, regardless of the number of hours worked. Payroll records show that an employee who worked only a partial day, was paid for the precise number of hours worked, not a "day rate" for a full day of work. To follow a day rate compensation system, there cannot be the deductions for less than full days that Defendants made from employee wages. In addition, deposition testimony shows that laborers and foremen were hired into and promoted using a pay grade system, which was tied to an hourly rate.

Defendants do not understand the requirements for a day rate system and did not follow them during the time period Plaintiff alleges Defendants' laborers and foremen are due backwages. In Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Defendants admit that there were deductions for less than full days and that laborers and foremen were not paid for a full day when they did not work a full day. Defendants do not cite any support for their claim that docking from pay was only done on "isolated instances." Rather, the payroll records showed that docking was consistently done when

laborers and foremen worked less than full days during the period Plaintiff alleges they are due backwages.  It cannot be considered "isolated instances" when the practice was consistently followed during the entire relevant period.  While Defendants may have changed their pay practices after the agency's investigation and after the period Plaintiff alleges employees are due backwages, it does not follow that Defendants' past violations should be considered "isolated instances" and be considered cured.

If Defendants' alleged overpayments of overtime compensation after they changed their pay practices are seen as "late" payments of overtime compensation, they would nonetheless violate the FLSA.  An employer violates the FLSA not only by failing to pay overtime compensation but also by delaying the payment of overtime compensation.  See Halferty v. Pulse Drug Co., Inc., 821 F.2d 261, 271 (5th Cir. 1987) ("A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.").

**C.      Hoogland's has monetary liability for its break time violations.**

In Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Defendants admit that they misapplied lunch periods and meal periods during the time period Plaintiff alleges the improper break deductions occurred.  Defendants contend that this violation is somehow offset by alleged overpayment of overtime due to its current practice of allegedly overcompensating employees for overtime hours.

Defendants' argument assumes that it had a valid day rate system and was overpaying employees during the relevant pay periods that Plaintiff alleges Defendants' employees are due backwages for nonpayment of hours worked due to Defendants' improper break deduction policy.  However, during the relevant time period, Defendants

4

did not have a valid day rate plan, as discussed in detail in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment. Because Defendants did not have a valid day rate plan, there was no overpayment of overtime wages that could somehow offset Defendants' monetary liability for its break time violations.

Moreover, even if Defendants had properly followed a day rate compensation system, they are not allowed to credit a minimum wage violation (non-payment of hours worked) with their alleged overpayment of overtime. See Brennan v. Heard, 491 F.2d 1,3 (5th Cir. 1974), rev'd on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130, 134 (1988) (set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions). There is also a provision of the FLSA that allows employers to offset certain overtime premiums against overtime compensation due under the Act. See 29 U.S.C. § 207(h)(2). However, this provision does not allow offset overpayments made in some work periods against shortfalls in other work periods. See Herman v. Fabi-Ctrs. Of Am., Inc., 308 F.3d 580, 590 (6th Cir. 2002) (premium credits allowed by § 207(h)(2) should be limited to the same workweek or work period in which these premiums were paid); Howard v. City of Springfield, Ill., 274 F.3d 1141, 1149 (7th Cir. 2001) (district court erred in allowing the blanket application of all § 207 premium payments to all overtime liabilities).

In this case, Defendants' payroll records show that there were pay periods during which Defendants' laborers and foremen did not work overtime hours. Yet Defendants followed their improper lunch break deduction policy regardless of whether Defendants' laborers and foremen worked overtime hours during the same pay period. Accordingly,

Defendants have not demonstrated that they are entitled to an offset of allegedly overpaid compensation during the time period Plaintiff alleges these break time/unpaid hours violations occurred.

**D.     Defendants' former bookkeeper and nursery worker worked overtime.**

Defendants claim their former bookkeeper and nursery worker did not work overtime, but admit that they did not maintain records of these two employees' hours worked.  Longstanding caselaw has resolved this problem.  Where an employer that is sued under the FLSA for backwages has kept inadequate records and sufficient evidence is produced to show the amount of work for which the employee was not appropriately compensated, the burden shifts to the employer to come forward with evidence to negate the reasonableness of such inference.  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946); Skipper v. Superior Dairies, Inc., 512 F.2d 409, 420 (5th Cir. 1975).  If the employer fails to produce such evidence, the court may then award damages for the employee, even though the result may only be approximate.  See id.

Defendants do not dispute that they paid their bookkeeper, Joan Meziere, and nursery facilities worker, James Dushane, on a salary basis with no additional compensation for hours worked over forty in a workweek. Defendants also do not dispute that their bookkeeper and nursery facilities worker are not exempt from the overtime requirements of the FLSA.  Further, Defendants admit that they did not keep time records for the bookkeeper and nursery facilities worker.  As set forth in the Declaration of the Department of Labor's investigator, during the course of the agency's investigation of Defendants, the investigator interviewed managers and employees.  See Exhibit 1 to Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment.

Because Defendants did not maintain records of hours worked by these two employees, which was required by the Act and regulations, Plaintiff is entitled to rely on the information she received during the investigation concerning the hours of work for these two employees.  Defendants have not offered any evidence to dispute the information gathered during the investigation concerning the hours worked by these two employees.  Consequently, backwages should be awarded even though the amount may be approximate for these two employees.

**E.     Defendants' do not dispute that they violated the recordkeeping requirements of the FLSA**

Defendants do not dispute that they violated the recordkeeping requirements of the FLSA.  Rather, Defendants argue that these violations are de minimus.  Defendants offer no legal support for their claim that these violations are de minimus and that Plaintiff is not entitled to judicial redress for these violations.  An employer's failure to follow the Act and the regulations promulgated thereunder is considered a violation.

**F.  Plaintiff is entitled to liquidated damages because Defendants' violations of the FLSA do not qualify for a good faith defense.**

Defendants claim that liquidated damages should not be assessed against them because they believed their day rate plan was in compliance with the FLSA.  No good faith reasons exist for Defendants' noncompliance with provisions of the FLSA, so liquidated damages are appropriate.  They cannot simply claim to be a victim of their former bookkeeper, a person they hired and entrusted to handle payroll.  Defendants did not take any steps to follow their alleged day rate pay policy for laborers and foremen.  Defendants failed to pay proper overtime to non-exempt employees and failed to keep required

7

records. Accordingly, Defendants cannot establish a good faith defense to liability or liquidated damages.

## III. CONCLUSION

For these reasons, Defendants have not shown why Plaintiff's Motion for Summary Judgment should not be granted. Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Summary Judgment and enter a judgment against Defendants for violations of 29 U.S.C. §§ 207 and 211(c), permanently enjoining them from violation of the Act, awarding backwages of $38,791.35 and an equal amount in liquidated damages for a total of $77,582.70 against Defendants under 29 U.S.C. §216.

Respectfully Submitted,

GREGORY F. JACOB
Solicitor of Labor

JANICE L. HOLMES
Acting Regional Solicitor

Address:

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202
Telephone:  972/850-3100
Facsimile:  972/850-3101

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

BY:

__/C. Elizabeth Fahy_____
C. ELIZABETH FAHY
Illinois Bar No. 6273260
Texas Bar No. 24056866
Attorney in Charge

Attorneys for Plaintiff

RSOL Case No. 06-01103

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of May 2008, a true and correct copy of the foregoing *Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment* was served upon the attorney of record, all parties or party representatives in the above entitled and numbered cause, by email and depositing same in the United States Mail, addressed to:

Bryce Denny, Esq.
Denny, Gerhardt & Benson
209 Polk Street
Mansfield, LA 71052

                                          _____/C. Elizabeth Fahy_____
                                              C. Elizabeth Fahy
                                              Attorney