**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| U.S. DEPT OF LABOR, ON BEHALF OF ELAINE L. CHAO | CIVIL ACTION NO. 07-0533 |
| VERSUS | JUDGE HICKS |
| HOOGLANDS NURSERY LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Rec. Doc. 16] filed by the plaintiff, the U.S. Department of Labor (the "DOL"), on behalf of Elaine L. Chao. The DOL's lawsuit claims that the defendant, Hooglands Nursery LLC ("Hooglands"), violated the overtime and record-keeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S. §§ 207, 211(c), 215 (a)(2) and 215(a)(5). For the reasons which follow, the motion is **GRANTED IN PART** and **DENIED IN PART.**

**FACTUAL BACKGROUND**

**I.    The Defendants.**

Defendant Hooglands Nursery, LLC ("Hooglands") is a Louisiana corporation which provides landscaping services. [Rec. Doc. 16-2, SUF No. 3].[1] Defendant Michael Hoogland ("Michael") is its President. [Id. at No. 5]. He directs the day-to-day operations of the nursery and has overall responsibility for personnel decisions, including overseeing and directing employment matters. [Id. at No. 6]. Michael has final authority with respect to the hiring, evaluation, promotion, termination, and compensation of employees as well as work

---

[1]The Court is relying on the Statement of Undisputed Facts filed by the plaintiff except where the defendant has submitted competent summary judgment evidence to the contrary.

policies and payroll. [Id.]. The parties agree that Michael is an "employer" under the FLSA.

Defendant Fredric Hoogland ("Fredric"), who is Michael's father, owns 98% of Hooglands. [Doc. No. 16, Ex. 6, at 14.] Fredric admits that he is an owner/manager of the nursery. [Id. at 13]. However, Fredric claims he has no authority regarding company policies. [Id. at 26]. Fredric testified that Michael totally operates the nursery. [Rec. Doc. 16, Ex. 6 (Deposition of Fredric Hoogland) at 15]. Fredric has no dealings with the office or bookkeeping and has no responsibilities in regard to the business. [Id. at 25]. He has not been involved in the employment of the company's workers and does not know what payroll records are kept. [Id. at 26-27]. Although Fredric has authority to hire employees and make changes to employee pay, he has not exercised this authority. [Id. at 25-26]. One Hoogland employee works on Fredric's farm and is directly supervised by him. [Id. at 41-42]. The parties dispute whether Fredric is an "employer" under the FLSA.

These three defendants will collectively be referred to as "the defendant."

## II.     The Investigation.

The United States Department of Labor, Employment Standards Administration, Wage and Hour Division ("DOL") conducted an investigation of the defendant beginning on or about February 2004 through March 2006 (the "investigative period"). [Rec. Doc. 16-2, SUF No. 1]. The defendant's employees are listed on Exhibit A to the Complaint. [Id., SUF No. 2]. Defendants employ workers including laborers (mostly Hispanic), foremen, crew superintendents, and office and nursery facilities staff. [Id. at SUF No. 8].

## III.    Laborers and Foremen.

Hooglands admits that its laborers and foremen are not exempt from the overtime requirements of the FLSA. [Rec. Doc. 23-2 at 5-6]. However, if an employee worked more

than 40 hours per week, he was paid overtime at the straight time rate. [Rec. Doc. 16, Ex. 11 at 34-37].

Michael Hoogland testified that his laborers were paid a "day rate" under which they were paid for the entire day if they worked any part of that day. [Doc. 16, Ex. 7 at 63-65]. Although he acknowledged that their may have been instances where an employee's wages were docked for less than a whole day, he testified that he was not aware of any such instances. [Id.] However, Michael admits that a change was made when Joan Meziere was the bookkeeper to where employees were only paid for the hours they actually worked in a day. [Id.]

According to the payroll records submitted, until February 2006, laborers and foremen were paid for the exact number of hours worked. [Rec. Doc. 16-2 at SUF No. 9; Rec. Doc. 16 at Ex. 1]. The defendant does not dispute the authenticity of these records. Debby Morris, the office manager, also testified that laborers who did not work a full day were only paid for the hours that they work. [Rec. Doc. 16, Ex. 11 (deposition of Debby Morris) at 37-38].

From July 2005 through February 2006, the laborers and foremen were docked a full hour for a lunch break but were only allowed to take thirty minutes for lunch. [Doc. No. 16-2, SUF No. 11]. Defendants' company policy stated that the additional thirty minutes was docked based on estimated bathroom breaks, drinks of water, and talking with co-workers. [Id.] Defendant concedes that this was not in compliance with the FLSA.

**IV.    The Bookkeeper and Nursery Facilities Worker.**

Until February 2006, both Hooglands' bookkeeper and its nursery facilities worker were paid on a salary basis and were not paid any overtime for hours worked over 40 in a week. [Id. at SUF Nos. 12, 14]. The defendant admits that these employees were not

exempt from the overtime requirements of the FLSA, but contends that these workers never worked over 40 hours in one week. [Id. at SUF Nos. 13, 15]. The defendant admits that it kept no time records for these employees because it erroneously believed them to be exempt.

**LAW AND ANALYSIS**

**I.      Summary Judgment Standard.**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there

is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

## II. Employer Status of Fredric Hoogland.

An "employer" is defined under Section 3(d) of the Act as including "any person acting directly in the interest of an employer in relation to an employee." This term has been interpreted to encompass one or more joint employers. Falk v. Brennan, 414 U.S. 190, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973); Wirtz v. Lone Star Steel Co., 405 F.2d 668 (5th Cir.1968). 29 C.F.R. § 791.2 (1982). Whether a party is an employer or joint employer for purposes of the FSLA is essentially a question of fact to be determined in light of all the circumstances. Wirtz, 405 F.2d at 668.

The term "employer" is not limited to the narrow or technical concepts of employment but rather is given a broad meaning to carry out the "broad and liberal" purpose of the Act. Wirtz v. Soft Drinks of Shreveport, Inc., 336 F.Supp. 950 (W.D. La.1971); Walling v. Atlantic Greyhound Corp., 61 F.Supp. 992 (D. S.C.1945). Under certain circumstances, stockholders have been considered employers under the FLSA and have been found personally liable together with the corporation for violations of the Act. Brennan v. Whatley, 432 F.Supp. 465 (D. Tex.1977); Usery v. Godwin Hardware, Inc., 426 F.Supp. 1243 (W.D. Mich.1976). A corporate officer with "operational control" over an employing entity clearly falls within the definition of an individual with supervisory authority. Alice v. GCS, Inc., 2006 WL 2644958, 6 (N.D. Ill.).

Defendant Fredric owns 98% of the nursery and is an owner/manager. However, Fredric testified that he has no authority regarding company policies. He testified that Michael totally operates the nursery. He admits that he has the authority to hire employees and make changes to employee pay, but claims that he has not exercised this authority. Fredric has no dealings with the office or bookkeeping and has no responsibilities in regard to the business. He has not been involved in the employment of the company's workers

and does not know what payroll records are kept. Under these facts and circumstances, the Court finds that Fredric lacked sufficient operational control to constitute an employer under the FLSA.

### III. The Purported "Day Rate" Plan.

Hooglands contends that it paid its employees under a "day rate" plan. The Code of Federal Regulations explains a "day rate" plan as follows:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

29 C.F.R. §778.112. Under such a plan, the more hours an employee works, the less his regular rate of pay becomes. Accordingly, the more hours worked, the less overtime premium owed for hours over 40. Since Hooglands paid its laborers straight time (based on the regular rate of pay for a 40 hour week) for hours worked over 40 (as opposed to have time based on the decreased regular rate of pay for a 40+ hour workweek), it contends that it actually *overpaid* its employees in terms of an overtime premium.

Hooglands argument is based on the premise that it employs a "day rate" plan. However, such a plan only exists if an employee is paid a flat sum for a day's work ***without regard to the number of hours worked in the day.*** 29 C.F.R. §778.112 (emphasis added). However, Debby Morris, the office manager, readily admits in her deposition that laborers who do not work a full day are only paid for the hours that they work. [Rec. Doc. 16, Ex. 11 at 37-38]. The time records attached to the affidavit of Melissa Reynolds [Doc. 16, Ex. 1], Investigator for the Wage and Hour Division, also show that laborers were not

paid for 40 hours if they worked less than 40 hours. The defendant does not dispute these records. Since laborers are not paid a flat sum for a day's work *without regard to the number of hours worked in the day*, they are not paid under a "day rate" plan and the defendant cannot avail itself of such a pay system. As such, the defendant's payment to its laborers of "straight time" for any hours worked over 40 is a violation of the FLSA and the defendant is liable for the unpaid overtime premium of one-half the regular rate of pay for any hours worked over 40 in a week.

**IV.     The Salaried Employees.**

The evidence submitted does show that some salaried employees, such as office workers and the nursery facilities manager, were paid for 40 hours regardless of the hours worked. Defendant erroneously believed these employees to be exempt from the overtime provisions of the FLSA. While defendant admits that these employees were not paid any overtime, it contends that these employees never worked more than 40 hours per week anyway. However, the defendant failed to keep the required time records for these employees and therefore has no competent summary judgment evidence to dispute the unpaid overtime figures compiled by Investigator Reynolds. [Doc. No. 16, Ex. 1]. The Court also notes that the unpaid overtime calculation prepared for the salaried bookkeeper of $523.06 for a two-year period appears quite reasonable. It does not appear that the plaintiff even submitted a calculation for unpaid overtime compensation due the nursery facilities worker. Accordingly, in the absence of any contrary evidence from the defendant, the Court accepts the plaintiff's figures for unpaid overtime compensation due to salaried employees.

**V.     Other Compensable Time.**

The defendant concedes that its former policy of docking employees for their two 15 minute break periods did not comply with the FLSA. [Doc. No. 23 at 13]. However, the defendant claims that any monetary liability for these compensable breaks is offset by the overpayment of overtime premiums under the purported "day rate" pay system. Since this Court finds that the defendant did not employ a valid "day rate" system, there is no overpayment of overtime to offset the monetary liability. Accordingly, the Court finds that the defendant is liable for the amounts deducted for compensable break periods.

**VI.    Back Wage Calculations.**

Using the defendant's own records, Investigator Reynolds prepared a detailed back wage calculation for each Hooglands employee. [Doc. No. 16, Ex. 1(D)]. The Court finds that the method of calculation done by Reynolds (as described in paragraph 15 of her affidavit) is correct. The defendant has submitted no competent summary judgment evidence to dispute the figures beyond its legal argument that it had a valid "day rate" plan. Accordingly, the Court accepts Reynolds' calculations as correct, and finds the defendant liable for $38,791.35 in back wages.

**VII.   Liquidated Damages.**

Section 216(b) provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, ***and in an additional equal amount as liquidated damages***. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

(Emphasis added). The granting of liquidated damages is mandatory under section 216(b) except where the employer shows to the satisfaction of the court that its act or omission was in "good faith" and was based upon reasonable grounds for believing that it was not violating the Act. 29 U.S.C. § 260; Lowe v. Southmark Corp., 998 F.2d 335, 337 (5th Cir. 1993). A district court may not exercise its discretionary authority to reduce or eliminate a liquidated damage award unless the employer sustains the "substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon ... reasonable grounds." Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018, 1031 (5th Cir. 1993)(*citing* Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1415 (5th Cir. 1990)). The burden of proof rests upon the employer. Airways Parking. Wright v. Carrigg, 275 F.2d 448 (5th Cir. 1960).

Since the Court finds that defendant violated Section 207, plaintiff is entitled to liquidated damages pursuant to 216(b) unless defendant carries its burden of showing good faith. Here, defendant contends that it was in good faith because it "believed" that its "day rate" plan complied with the FLSA. [Rec. Doc. 23 at 16]. Defendant further contends that it was only out of compliance because of the actions of its bookkeeper, Joan Meziere. [Id.] However, even if the mistakes made by the defendant were subjectively honest, the Court finds that it has failed to carry its burden in showing that its mistakes were reasonable. Defendant has submitted no evidence that its reliance on a bookkeeper with no managerial authority to ensure its compliance with the FLSA was reasonable. Further, defendant has submitted no evidence of any reasonable grounds for its mistaken belief that its salaried employees were exempt from the overtime provisions of the FLSA. Having found that the defendant has not met its burden under Section 260, the Court finds

that the defendant is liable for liquidated damages pursuant to Section 216(b) in the amount of $38,791.35.

## VIII. Record-keeping Violations.

Defendant admits that payroll records did not contain certain required information and that it failed to keep time records for employees that it mistakenly classified as exempt. As such, the Court finds that the defendant violated 29 U.S.C. §211(c). Although the defendant claims its violations were *de minimus*, it failed to cite any authority (nor is the Court aware of any such authority) for the proposition that the *de minimus* doctrine applies to the FLSA's record-keeping requirements. While the Court finds that the defendant violated 29 U.S.C. § 211(c), plaintiff is not entitled to any damages for such violation.

## IX. Conclusion.

Based on the foregoing, the Court finds that no genuine issues of material fact exist, and that defendants Hooglands Nursery, LLC and Michael Hoogland are liable for unpaid overtime compensation and an equal amount in liquidated damages.[2] The Court further finds that defendant Fredric Hoogland was not an "employer" under the FLSA and is therefore not liable for the foregoing violations.

Therefore:

**IT IS ORDERED** that the motion for summary judgment [Doc. No. 16] filed by the plaintiff is hereby **DENIED** to the extent it seeks to have Fredric Hoogland deemed an "employer" under the FLSA..

**IT IS FURTHER ORDERED** that the motion for summary judgment [Doc. No. 16] is hereby **GRANTED** in all other respects, and that defendants Hoogland's Nursery, LLC

---

[2]While it appears that plaintiff is also entitled to attorneys' fees, none were requested in the motion for summary judgment.

and Michael Hoogland are liable to plaintiff in the amount of $38,791.35 for back wages, which the Court finds is due to the employees named in the attached Exhibit A for the period March 14, 2005 to March 15, 2007. Defendants Hoogland's Nursery, LLC and Michael Hoogland are also liable to plaintiff in the amount of $38,791.35 for liquidated damages.

**IT IS FURTHER ORDERED** that the plaintiff shall promptly proceed to make distribution of such unpaid compensation, less the employees' share of income tax and social security deductions, to defendants' employees or to their estate if necessary. In the event that any of said money cannot be distributed within the period of three (3) years hereof because of inability to locate the proper person, or because of their refusal to accept such sums, plaintiff shall deposit such funds with the Treasurer of the United States.

**IT IS FURTHER ORDERED** that defendants, their officers, agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of sections 7 & 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as the Act, in any of the following manners:

1. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. " 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. " 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate records of the persons employed by them, and the wages, hours and other conditions and practices of

employment maintained by them as prescribed by regulations issued by the Administrator of the Employment Standards Administration, United States Department of Labor (29 C.F.R. Part 516).

**THUS DONE AND SIGNED** this 13th day of June, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE